# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GLORIA BAILEY, on behalf of herself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | 1:21CV686 |
| ) | |
| HALSTED FINANCIAL SERVICES, LLC, ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant Halsted Financial Services, LLC's ("Halsted") motion to compel arbitration as to Plaintiff Gloria Bailey and to dismiss class action complaint. (Docket Entry 17.) Also before the Court is Plaintiff's motion to remand this action to state court pursuant to 28 U.S.C. § 1447. (Docket Entry 21.) The matters are ripe for disposition. For the reasons stated herein, the undersigned will recommend Plaintiff's motion be granted and this action be remanded to the General Court of Justice, Superior Court Division, in Forsyth County, North Carolina. The undersigned will further recommend that Halsted's motion be denied without prejudice as moot for lack of subject matter jurisdiction.

## I. PROCEDURAL BACKGROUND

Plaintiff, on behalf of herself and others similarly situated, commenced this action against Halsted in the General Court of Justice, Superior Court Division, in Forsyth County, North Carolina on or about July 7, 2021. (Complaint, Docket Entry 4.) On September 3,

2021, Halsted filed a notice of removal pursuant to 28 U.S.C. § 1441 *et seq.* (Docket Entry 1.) Halsted thereafter filed an answer to the Complaint. (Docket Entry 11.) Plaintiff then filed an Amended Complaint (Docket Entry 13), and Halsted filed an answer to the Amended Complaint (Docket Entry 14). After allowing limited discovery solely on the issue of arbitrability (*see* Text Order dated 11/12/2021), Halsted filed the pending motion to compel arbitration of the individual claims asserted by Plaintiff and to dismiss all further proceedings with prejudice. (Docket Entry 17.) Plaintiff filed a response in opposition to Halsted's motion (Docket Entry 19) and Halsted filed a reply (Docket Entry 20). Shortly thereafter, Plaintiff filed the motion to remand. (Docket Entry 21.) Halsted did not file a response to Plaintiff's motion.

## II. FACTUAL BACKGROUND

Plaintiff brings this putative class action seeking to recover damages against Halsted for violations of the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50 *et seq.*, the North Carolina Collection Agency Act, N.C. Gen. Stat § 58-70 *et seq.*, the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (*See* Am. Compl., Docket Entry 13.) The putative class consists of consumers in North Carolina whose debt information Halsted sent to a third-party without prior consent of those consumers. (*Id.* ¶ 27.) Specifically, as to Plaintiff, it is alleged that she owes a debt, which was in default and subsequently transferred to Halsted, a debt collector. (*See id.* ¶¶ 9, 13, 17-18.) In an effort to collect on the debt, Halsted used a third-party vendor to prepare and mail written correspondence to Plaintiff regarding the debt. (*Id.* ¶¶ 19-20.) To accomplish such, Plaintiff

2

alleges that Defendant "conveyed information regarding the [d]ebt to the third-party vendor[,]" and the vendor "then populated some or all this information into a prewritten template, [and] printed, and mailed the letter to Plaintiff at [Halsted's] direction." (*Id.* ¶¶ 21, 24.) Plaintiff did not consent to Halsted sharing her debt information with anyone including the third-party vendor. (*Id.* ¶¶ 46-48.)[1]

## III. DISCUSSION

Plaintiff seeks an order remanding this action to State court. (Docket Entry 21.)[2] She argues that remand is proper "for a failure to allege concrete harm required by *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205, 210 L. Ed. 2d 568 (2021)." (*Id.* at 1.)[3] Plaintiff also relies on three recent decisions from this Court "remanding similar actions back to State court, for a failure to identify concrete harm resulting from the defendant's alleged federal statutory violations." (Docket Entry 22 at 3 citing *Brown v. Alltran Fin., LP*, No. 1:21-CV-595, 2022 WL 377001, at *1 (M.D.N.C. Feb. 8, 2022) (unpublished); *Asbury v. Credit Corp Sols., Inc.*, No. 1:21-CV-650, 2022 WL 377011, at *1 (M.D.N.C. Feb. 8, 2022) (unpublished); *Hatchett v. Fin. Bus. & Consumer Sols., Inc.*, No. 1:21-CV-622, 2022 WL 377002, at *1 (M.D.N.C. Feb. 8, 2022) (unpublished).) Halsted did not file a response to Plaintiff's motion.

---

[1] The allegations in Plaintiff's original Complaint and her Amended Complaint surrounding her claim under the FDCPA are substantially similar. (*Compare* Am. Compl. ¶¶ 35-56 *with* Compl. ¶¶ 36-57.)

[2] Since Plaintiff's motion raises jurisdictional issues, the undersigned will address this motion first. *See Keel v. Priv. Bus., Inc.*, No. 7:02-CV-156-F(1), 2002 WL 35645665, at *2 (E.D.N.C. Dec. 31, 2002) (unpublished) ("Because it determines whether or not this court even has subject matter jurisdiction of this case, the Motion to Remand first will be addressed.").

[3] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

3

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). This includes "[e]stablish[ing] that all elements of jurisdiction—including Article III standing—existed at the time of removal." *Cumberland Cnty. v. Chemours Co.*, No. 5:22-CV-157-D, 2022 WL 2195009, at *2 (E.D.N.C. June 17, 2022) (quoting *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018)). "In determining whether the removing party sustained its burden, the court must strictly construe the removal statute and resolve all doubts against removal." *Miller v. Martin*, No. CIV.A. C-87-226-G, 1987 WL 46753, at *1 (M.D.N.C. July 20, 1987) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

Plaintiff argues that substantial questions arise as to this Court's federal question jurisdiction in this matter, particularly in the light of the ruling in *Brown*. (*See* Docket Entry 22 at 4.) The Court in *Brown* explained the standing requirement—with emphasis on establishing "concrete harm"—and the Supreme Court's recent ruling in *TransUnion*:

> "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." [*Spokeo*, 578 U.S. at 338]. "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing." *TransUnion*, 141 S. Ct. at 2203 (cleaned up).
>
> To satisfy the standing requirement, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338. . . .

4

To establish injury in fact, the allegations must be sufficient to show a plaintiff has suffered a concrete harm. *Id.* at 339-40. . . . Intangible harms are concrete when the asserted harm has a "close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion*, 141 S. Ct. at 2204.

While Congress's views on harm may be "instructive," a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 578 U.S. at 341. "Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion*, 141 S. Ct. at 2205. In other words, "an injury in law is not an injury in fact." *Id.*

The Supreme Court recently applied these standards in *TransUnion*. In that case, a class of consumers sued TransUnion, a credit reporting agency, alleging violations of the Fair Credit Reporting Act. *Id.* at 2200. Specifically, the class members claimed that TransUnion did not adopt reasonable procedures to ensure the accuracy of their internally-maintained credit files when it used a product that wrongfully designated the class members as potential terrorists, drug traffickers, or other serious criminals. *Id.* at 2200–01.

. . .

The Supreme Court compared the harm suffered by class members whose misleading credit reports TransUnion had shared with third-party businesses to the kind of harm in a defamation action and determined that the class members' harm had a "close relationship" to the reputational harm associated with defamation. . . .

The result was different for those class members whose credit files TransUnion did not share with a third party. Although the internal credit files contained misleading information, there was no historical or common law analogue "where the mere existence of inaccurate information, absent dissemination, amounts to concrete injury." *Id.* Likewise, the risk of harm if the information was disseminated did not create a concrete

5

harm, as there was no historical analogue, and the risk of harm
was speculative in nature. *Id.* at 2211–12.

*Brown*, 2022 WL 377001, at *3-4.

In assessing the complaints in *Brown*, the Court first "[a]ssume[d] without deciding that it was a violation of the [FDCPA] for [the defendant] to share [the plaintiff's] debt information with a third-party mailing vendor." *Id.* at *4. That presumed statutory violation alone, however, was "not sufficient to confer standing." *Id.* The Court further stated that "violations of the FDCPA could cause intangible harm closely related to the harm caused by . . . invasion of privacy torts." *Id.* (citation omitted). However, the ultimate question in *Brown* was "whether the complaint includes allegations that [the plaintiff] suffered harms with a 'close relationship' to the harms caused by those or other traditional torts." *Id.* (citation omitted). The Court found that the plaintiff's "original complaint [was] almost silent on the kind of harm [the plaintiff] sa[id] she ha[d] suffered from [the defendant's] illegal sharing of her debt information with the third-party vendor." *Id.* at *5. Nor did "[t]he amended complaint . . . cure the problem [as i]t contain[ed] the same relevant underlying factual allegations and nonspecific references to the 'unfair and unconscionable' disclosure of [the plaintiff's] private information." *Id.* (citation omitted). While it did include further notation of "consumer informational injury," neither the amended complaint nor the plaintiff explained the meaning of such. *Id.* The Court therefore concluded that it did not have subject matter jurisdiction and remanded the case. *Id.* at *6.

Similar to *Brown*, the original Complaint here is nearly silent on the type of harm Plaintiff alleges to have suffered from Halsted's nonconsensual sharing of her debt

6

information to the third-party vendor.[4] *See Brown*, 2022 WL 377001, at *5-6 (finding no specific allegations of harm suffered by defendant's unauthorized disclosure); *Asbury*, 2022 WL 377011, at *4 (same); *Hatchett*, 2022 WL 377002, at *5 (same). Plaintiff alleges that Halsted "disclosed information to a third party without prior consent" (Compl. ¶ 41) and did so "with reckless disregard for the harm to Plaintiff and the Classes that could result from Defendant's unauthorized disclosure of private and sensitive information." (*Id.* ¶ 53.) According to Plaintiff, such disclosure "is both unfair and unconscionable." (*Id.* ¶ 55.) But "[e]ven if that were true, [Halsted's] failure to consider future harms caused by its disclosure of information to the third-party vendor is not a concrete harm, as it is too speculative." *Dunn*, 2022 WL 2483577, at *3 (citing *TransUnion*, 141 S. Ct. at 2211-12.).

Plaintiff's Amended Complaint does not cure the noted deficiencies. Beyond the same relevant underlying factual allegations, the Amended Complaint alleges that Halsted's harm stems from its "unauthorized disclosure of private and sensitive financial information to the third party in the form of consumer informational injury." (Am. Compl. ¶ 52.) However, as in *Brown*, there is no further explanation of "consumer informational injury." *See Brown*, 2022 WL 377001, at *5 ("[The plaintiff] has not explained what she means by 'informational injury' or identified a historical analogue for her asserted informational harm."). Ultimately, the undersigned finds, and Halsted has not contested, that there are no "specific allegations of injury in fact from the alleged disclosure at issue, and, as such, the

---

[4] The court will accept as true the factual allegations in the complaints. *See Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (accepting as true factual allegations in complaint when analyzing standing at the pleadings stage); *see also Dunn v. Enhanced Recovery Co., LLC*, No. 21-CV-665, 2022 WL 2483577, at *3 (M.D.N.C. July 6, 2022) (unpublished) (analyzing the original and amended complaints); *Brown*, 2022 WL 377001, at *1 n.1 & 5 (same).

Court does not have subject matter jurisdiction and remand is appropriate." *Dunn*, 2022 WL 2483577, at *3 (internal quotations, brackets and citation omitted).

## IV. CONCLUSION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to remand (Docket Entry 21) be **GRANTED**, and this action be remanded to the General Court of Justice, Superior Court Division, in Forsyth County, North Carolina for further proceedings.

**IT IS FURTHER RECOMMENDED** that Defendant Halsted Financial Services, LLC's motion to compel arbitration of the individual claims asserted by Plaintiff and to dismiss all further proceedings with prejudice (Docket Entry 17) be **DENIED** without prejudice as moot for lack of subject matter jurisdiction.

                                                                                                    _____
                                                                                                    Joe L. Webster
                                                                                                    United States Magistrate Judge

August 22, 2022
Durham, North Carolina